**Jose Carranza CARRILLO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13-74327

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Mackenzie W. Mackins, Mackins & Mackins, LLP, Sherman Oaks, CA, for Petitioner

James A. Hurley, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Jose Carranza Carrillo, a native and citizen of Mexico, petitions for review of an order by the Department of Homeland Security ("DHS") reinstating his 2006 expedited removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. Our review of DHS' reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The DHS did not err in issuing Carranza Carrillo's reinstatement order where Carranza Carrillo does not dispute his alienage, and the record shows he was subject to a prior order of removal and that he illegally reentered the United States subsequent to that order. *See id.* (court's jurisdiction over a reinstatement order is limited to reviewing "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the

petitioner re-entered illegally." (citation omitted)).

We reject Carranza Carrillo's contention that the reinstatement order is defective where the record contains Carranza Carrillo's prior order of expedited removal.

We lack jurisdiction to consider Carranza Carrillo's collateral attack on his underlying 2006 expedited removal order. *See* 8 U.S.C. § 1252(e)(2); *see Garcia de Rincon*, 539 F.3d at 1138 ("whatever relief might be gained by the operation of § 1252(a)(2)(D) and the "gross miscarriage" standard, it is unavailable [to the petitioner] because [his] underlying removal order is an *expedited* removal order that is subject to additional jurisdictional bars—8 U.S.C. § 1252(a)(2)(A) and 1252(e).").

Finally, Carranza Carrillo's motion to supplement the record (Docket Entry No. 47) is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.